IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. NICHOLAS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-06-1414 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| SCOTT A. EVANS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **O R D E R**

August 21, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Edward J. Nicholas ("Nicholas" or "Plaintiff"), an inmate at the State Correctional Institution in Albion, Pennsylvania, commenced this action by filing a *pro se* civil rights complaint under the provisions of 42 U.S.C. § 1983.  Thereafter, Plaintiff filed an application for leave to proceed *in forma pauperis*.  Also pending is Plaintiff's "motion to produce jury selection and trial transcripts" (doc. 5), Plaintiff's "application to expunge record by executive orders" (doc. 8), and Plaintiff's "motion to clarify." (Rec. Doc. 11).   Although the complaint is somewhat disjointed, Plaintiff appears to seek monetary damages of $ 1,000.00 per day from July 10, 1998 and production of documentation related to alleged improprieties in his conviction and

sentencing in the Dauphin County, Pennsylvania, Court of Common Pleas. For the following reasons, the complaint will be dismissed, without prejudice, under 28 U.S.C. § 1915, and Plaintiff's motion for production of documents, Plaintiff's application to expunge record, and Plaintiff's motion to clarify will be denied as moot.

**DISCUSSION**:

### A. Preliminary Review of Complaint

The Prison Litigation Reform Act ("PLRA") establishes procedures for prisoners' civil rights actions filed in federal court. Under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under Section 1915A of the Act, the Court is required to screen civil complaints by prisoners who seek redress from a governmental entity, or employees or officers of a governmental entity, and Section 1915A(b) requires courts to "dismiss the complaint . . . if the complaint – (1) is frivolous . . . ." 28 U.S.C. § 1915A(b)(1).

The frivolousness determination applies equally to cases that are factually frivolous and those that are legally frivolous. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). An action is legally frivolous if it is based upon an indisputably meritless legal theory. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably

meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  Although the Court is mindful that *pro se* complaints are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), a complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

### B.    Claim Preclusion Under Heck

Plaintiff's claim is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994), and amendment of the pleading will not salvage the document.  In Heck, the Supreme Court ruled that a Constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.  Plaintiffs' complaint asserts improprieties with

3

Plaintiff's conviction and sentencing, and he is illegally incarcerated as a result of jury tampering by Defendants. However, nothing in the record supports a conclusion that the propriety of his conviction and sentence has been successfully challenged. To the contrary, Plaintiff currently has three habeas petitions (Civil Action No. 4:06-CV-1265, Civil Action No. 4:06-CV-1421, and Civil Action No. 4:06-CV-1501) pending in this Court to test the validity of his arrest and/or incarceration. Since the success of the instant claim relies upon the impropriety of Plaintiff's incarceration and sentence, Heck precludes a cause of action until the propriety of detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the Plaintiff's complaint is barred by Heck, and it will be summarily dismissed, without prejudice.

**CONCLUSION**:

Since the complaint is legally frivolous, and since Plaintiff's claim is barred by the holding in Heck, the complaint will be dismissed under the provisions of 28 U.S.C. § 1915.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (doc. 6) is GRANTED for the limited purpose of filing this complaint.

2. Plaintiff's complaint is DISMISSED as legally frivolous under the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

3. Plaintiff's "motion to produce jury selection and trial transcripts" (Doc. 5), Plaintiff's "application to expunge record by executive orders" (Doc. 8), and Plaintiff's "motion to clarify" (Doc. 11) are DENIED as moot.

4. The Clerk of Court is directed to close the file in this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                             s/ John E. Jones III
                                             John E. Jones III
                                             United States District Judge